# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PATRICK ANDRE TAYLOR II, on behalf of himself and all others similarly situated,<br>　　　　*Plaintiff,*<br><br>v.<br><br>DELTA COUNTY, *et al.*,<br>　　　　*Defendants.* | §<br>§<br>§　Civil Action No. 4:22-CV-250<br>§　Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Filed Subject to and Without Waiving their Motion to Transfer Venue Within District (Dkt. #6). Having considered the motion and relevant pleadings, the Court finds it should be **GRANTED**.

### BACKGROUND

Plaintiff Patrick Andre Taylor II ("Taylor") filed this action individually, and on behalf of all others similarly situated, on October 15, 2021, in the Marshall Division of the Eastern District of Texas (Dkt. # 1). Taylor brought suit under 42 U.S.C. §1983, alleging violations of his constitutional rights and other related claims against Defendants Delta County (the "County"), Delta County Sheriff's Department (the "Department"), Former Sheriff Ricky Smith, Sheriff Chara Singleton, County Attorney Jay Garret, County Judge Jason Murray, and Zach Williamson ("Williamson") (collectively, "Defendants").

Williamson is a former police officer with the Department. Williamson began his employment with the Department in September of 2019. However, on September 1, 2019, Williamson's Texas Peace Officer's License (the "License") expired.

On October 18, 2019, Williamson arrested Taylor in the driveway of Taylor's residence for Driving While Intoxicated. During Taylor's arrest, Williamson placed Taylor in a shoulder

lock, forced Taylor to the ground, and kept Taylor in a chokehold until another officer arrived. Taylor was placed in Delta County Jail (the "Jail").

Taylor alleges that members of the Department discovered Williamson arrested Taylor while unlicensed and then conspired to "cover up the negligent hiring of [] Williamson and [] Williamson's unlawful arrests and actions." (Dkt. #1 ¶ 54). Taylor's complaint alleges several constitutional violations against all defendants, along with claims for negligent hiring, retention and supervision, abuse of process, malicious prosecution, and fraud against all defendants except for Williamson. Taylor has also brought a claim for intentional infliction of emotional distress against all defendants.

Defendants filed the current motion on November 22, 2021 (Dkt. #6), while this suit was still pending in the Marshall Division. Taylor responded on December 6, 2021 (Dkt. #11). Defendants filed their reply on December 14, 2021 (Dkt. #13).

Also on November 22, 2021, Defendants moved to transfer venue to another division within the Eastern District of Texas (Dkt. #5). On March 29, 2022, Chief Judge Rodney Gilstrap granted the motion, and transferred suit to the Sherman Division (Dkt. #24).

**LEGAL STANDARD**

A party may move to dismiss a case if the plaintiff does not "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To avoid dismissal for failure to state a claim, the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To withstand a motion to dismiss, a complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). To be viable, a complaint must contain more than "legal conclusions, conclusory statements, or 'naked assertions devoid of further factual enhancement.'" *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up) (quoting *Twombly*, 550 U.S. at 558).

## ANALYSIS

Defendants argue Taylor has not pleaded any facts which would show that the County has granted its servient agency, the Department,[1] the capacity to engage in separate litigation, and

---

[1] Defendants refer repeatedly to the "Delta County Sheriff's Office" in their motion (Dkt. #6). However, there is no such party to this case. Taylor sued, among others, the "Delta County Sheriff's Department" (Dkt. #1). Having read the motion, the Court can surmise Defendants allege Taylor has failed to state a claim against the Department. The Court will proceed accordingly.

therefore Taylor has failed to state a claim against the Department (Dkt. #6 at p. 4). Taylor argues the Department is a "final and independent policymaker" with the capacity to sue and be sued (Dkt. #11 at pp. 10–12).

Federal Rule of Civil Procedure 17(b) requires that a party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17(b); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996). An entity's capacity to sue or be sued "shall be determined by the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). In this case, that law is the law of Texas. A plaintiff has the burden of showing that a . . . department has the capacity to be sued. *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex., Aug. 20, 2010) (internal citations and quotations omitted) *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011) (quoting FED. R. CIV. P. 17(b)).

"In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). Accordingly, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* Taylor attempts to distinguish this case from *Darby* and its progeny (Dkt. #11 at pp. 8–10). However, the Fifth Circuit has unequivocally held that a "[s]heriff's [d]epartment does not have a separate legal existence and therefore cannot be sued." *Evans v. Dallas Cnty. Sheriff*, 4 F.3d 991 (5th Cir. 1993) (per curiam). Moreover, this Court has repeatedly relied on *Darby* in holding that a county sheriff's department is not a jural entity. *See Marshall v. Abbott*, No. 4:21-CV-384-SDJ-CAN, 2022 WL 671009, at *3 (E.D. Tex. Feb. 4, 2022) ("The Eastern District of Texas and numerous other federal courts in Texas have repeatedly and consistently held that a county's Sherriff's Office is a nonjural entity

4

that is not amenable to suit."), *report and recommendation adopted*, No. 4:21-CV-384, 2022 WL 659159 (E.D. Tex. Mar. 4, 2022). The Court need not deviate from the Fifth Circuit's decision in *Darby* for the case at bar.

The fact of the matter is that the Department is a servient entity of Delta County, Texas and thus has no separate legal existence. *Torgerson v. Henderson Cnty. Justice Ctr.*, No. 6:19cv514, 2020 WL 1281647, at *1 (E.D. Tex. Jan 3, 2020) (quoting *Darby*, 939 F.2d at 313). As such, the Department does not have the capacity to be sued. *Darby*, 939 F.2d at 313; *see also* FED. R. CIV. P. 17(b). Further, Taylor has not pleaded any facts showing the County took explicit steps to grant the Department jural authority. *Id.* Thus, Taylor's claims against the Department are subject to dismissal.

Taylor contends the Department is not a servient entity because it is a final and independent policymaker in the area of law enforcement (Dkt. #11 at pp. 10–11 (citing *Robinson v. Hunt Cnty., Tex.*, 921 F.3d 440, 448 (5th Cir. 2019)). The mere fact that the Department can be deemed a policymaker does not make it a legal entity capable of being sued. As Defendants point out in their reply, a county in Texas is a "corporate and political body," TEX. LOCAL GOV'T CODE § 71.001, whereas a county's sheriff's department is a law enforcement agency organized and existing as a departmental subdivision of the county (Dkt. #13 at p. 2). Because Taylor has not shown that the "true political entity," Delta County, has taken explicit steps to grant the Department with jural authority, the Department "cannot engage in any litigation." *Darby*, 939 F.2d at 313.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Filed Subject to and Without Waiving their Motion to Transfer Venue Within District (Dkt. #6) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff Patrick Andre Taylor II's civil rights claims against the Delta County Sheriff's Department are hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

**SIGNED this 31st day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE