# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PATRICK ANDRE TAYLOR II & TITUS WILEY, on behalf of themselves and all others similarly situated,<br>  *Plaintiffs,*<br>v.<br><br>DELTA COUNTY, FORMER SHERIFF RICKY SMITH, SHERIFF CHARLA SINGLETON, COUNTY ATTORNEY JAY GARRETT, COUNTY JUDGE JASON MURRAY, and ZACH WILLIAMSON,<br>  *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 4:22-cv-00250<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Opposed Motion for Class Certification (Dkt. #32). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED without prejudice.**

### BACKGROUND

**I. Factual Background**

This case arises from alleged constitutional violations carried out by Defendant Zach Williamson. Plaintiffs allege that from October 2, 2019 to November 8, 2019 (the "Aggrieved Time Period"), Defendant Williamson operated as an employee of Delta County, "conduct[ing] traffic stops, issu[ing] citations, and ma[king] arrests without lawful authority" (Dkt. #32 at p. 12). Plaintiffs claim that during the Aggrieved Time Period, Defendant Williamson's lacked a lawful and active Peace Officer license (Dkt. #32 at p. 12). Plaintiffs claim that Defendant Williamson "spent one hundred-fifty hours on patrol" from September 28, 2019 to October 25, 2019 (Dkt. #32

at p. 13). Plaintiffs contend that the Texas Commission on Law Enforcement ("TCOLE") rejected Defendant Williamson's appointment as a Peace Officer in Delta County twice—once on October 2, 2019, and once on October 24, 2019—because he did not possess an active Peace Officer license (Dkt. #32 at p. 14).

Plaintiffs claim that various individuals in Delta County had knowledge of Defendant Williamson's lack of an active Peace Officer license and either empowered him to continue his unlawful conduct or chose to do nothing about it. They contend that Defendant Ricky Smith, a former Delta County Sheriff, "hired and continued to empower Defendant Williamson to unlawfully stop, detain, imprison, arrest, and charge Plaintiffs and at least sixty (60) similarly affected members of the public" "[d]espite actual notice" that Defendant Williamson did not have an active Peace Officer license (Dkt. #32 at p. 6). Plaintiffs allege that Defendant Charla Singleton, the Delta County Sheriff, aided in covering up Defendant Williamson's unlawful actions (*see* Dkt. #32 at p. 15). They claim that Defendant Jay Garrett, the Delta County Attorney, "refused to condemn the unlawful employment of Defendant Williamson and was deliberately indifferent towards Defendant Williamson's unlawful conduct" (Dkt. #32 at p. 18). And they contend Defendant Jason Murray, a Delta County Judge, was informed of Defendant Williamson's unlawful arrests but ignored those concerns (Dkt. #32 at p. 19).

## II.    Procedural Background

Plaintiff Patrick Andre Taylor II filed this action individually, and on behalf of all other similarly situated, on October 15, 2021, in the Marshall Division of the Eastern District of Texas (Dkt #1). On March 29, 2022, the case was transferred to this Division (Dkt. #24). On May 31, 2022, the Court dismissed the Delta County Sheriff's Office as a defendant (Dkt. #27).

On May 31, 2022, Plaintiffs filed their Amended Complaint (Dkt. #28). The Amended Complaint added Titus Wiley as a named Plaintiff. In the Amended Complaint, Plaintiffs request relief against Delta County, former Sheriff Ricky Smith, Sheriff Charla Singleton, County Attorney Jay Garrett, County Judge Jason Murray, and Zach Williamson (collectively "Defendants") (Dkt. #28 at p. 1). In the Amended Complaint, Plaintiffs identify one class and two subclasses for their class allegations: (1) "all persons cited, arrested, detained, or criminally charged by Defendant Williamson" during the Aggrieved Time Period (the "Class"), (2) "all persons issued citations by Defendant Williamson" during the Aggrieved Time Period, "and who paid fines or court costs to Delta County" (the "Citation Subclass"), and (3) "all persons arrested or detained and issued criminal charges by Defendant Williamson" during the Aggrieved Time Period (the "Arrest Subclass") (Dkt. #28 at p. 24). Plaintiffs bring the following claims in the Amended Complaint as summarized in the table below:

| Count Number | Plaintiff(s) | Defendant(s) | Claim |
|---|---|---|---|
| Count I (Dkt. #28 at p. 25) | All Plaintiffs | Williamson | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Unreasonable Search & Seizure as to the Class |
| Count II (Dkt. #28 at p. 27) | All Plaintiffs | Williamson | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Unlawful Arrest as to the Arrest Subclass |
| Count III (Dkt. #28 at p. 29) | All Plaintiffs | Williamson | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, False Arrest as to the Class |
| Count IV (Dkt. #28 at p. 31) | All Plaintiffs | Williamson | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Malicious Prosecution as to the Class |
| Count V (Dkt. #28 at p. 33) | All Plaintiffs | Williamson | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Unlawful Detention as to the Arrest Subclass |
| Count VI (Dkt. #28 at p. 35) | Patrick Taylor | Williamson | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Excessive Force as to Patrick Taylor individually |

| | | | |
|---|---|---|---|
| Count VII (Dkt. #28 at p. 37) | Titus Wiley | Smith, Delta County | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Denial of Basic Human Needs as to Titus Wiley individually |
| Count VIII (Dkt. #28 at p. 39) | All Plaintiffs | Smith, Delta County | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Unlawful Official Hiring Policies as to the Class |
| Count IX (Dkt. #28 at p. 41) | All Plaintiffs | Smith, Delta County, Garrett, Murray | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, False Imprisonment as to the Arrest Subclass |
| Count X (Dkt. #28 at p. 44) | All Plaintiffs | Smith, Delta County, Garrett, Murray | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Malicious Prosecution as to the Class |
| Count XI (Dkt. #28 at p. 47) | All Plaintiffs | Smith, Singleton, Delta County, Garrett, Murray | Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, Civil Conspiracy as to the Class |
| Count XII (Dkt. #28 at p. 51) | All Plaintiffs | All Defendants | Abuse of Process as to the Class |
| Count XIII (Dkt. #28 at p. 52) | All Plaintiffs | Smith, Singleton, Delta County, Garrett, Murray | Malicious Prosecution as to the Class |
| Count XIV (Dkt. #28 at p. 53) | All Plaintiffs | Smith, Singleton, Delta County, Garrett, Murray | Fraud as to the Class |
| Count XV (Dkt. #28 at p. 54) | All Plaintiffs | All Defendants | Intentional Infliction of Emotional Distress as to the Class |

On January 13, 2023, Plaintiffs filed their Opposed Motion for Class Certification (Dkt. #32). In it, Plaintiffs seek to certify two classes: (1) "[a]ll persons issued citations by Defendant Williamson while he operated unlawfully as a Delta County Sheriff's Deputy" (the "First Requested Class"), and (2) "[a]ll persons arrested or detained and issued criminal charges by Defendant Williamson while he operated unlawfully as a Delta County Sheriff's Deputy" (the

4

"Second Requested Class") (Dkt. #32 at p. 7). On February 2, 2023, Defendants responded (Dkt. #39). On February 10, 2023, Plaintiffs replied (Dkt. #40). On February 17, 2023, Defendants filed their sur-reply (Dkt. #41).

On January 9, 2024, the Court ordered Plaintiffs to submit supplemental briefing as to the numerosity and superiority requirements under Federal Rules of Civil Procedure 23(a) and 23(b)(3), and it allowed a response from Defendants to be filed within fourteen days of Plaintiffs' submission (Dkt. #88). On January 23, 2024, Plaintiffs filed their supplemental brief (Dkt. #92). On February 2, 2024, Defendants responded (Dkt. #93).

## LEGAL STANDARD

"Rule 23 governs whether a proposed class falls within the limited exception to 'the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). In considering class certification, "the district [court] 'must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class.'" *Yates v. Collier*, 868 F.3d 354, 362 (5th Cir. 2017) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). This analysis may require some overlap with the merits of the claims. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013). Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* at 466. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* The Court must be mindful of the practicalities of trying the particular case as a class action when conducting this rigorous analysis. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ("Frequently that 'rigorous analysis' will

entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. '[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'") (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal quotation omitted)); *see Madison v. Chalmette Refin., L.L.C.*, 637 F.3d 551, 556 (5th Cir. 2011).

"The party seeking certification bears the burden of proof" that the proposed class meets all certification requirements. *Castano*, 84 F.3d at 740. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350 (emphasis in original).

As a prerequisite, the party seeking certification must demonstrate:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Second, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 564 U.S. at 345. The Fifth Circuit has indicated that a court must find that all issues of class certification must be established by a preponderance of the evidence. *See Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 228 (5th Cir. 2009).

## ANALYSIS

The Court now undertakes its analysis of the Rule 23 factors, starting with Rule 23(a). The first requirement of Rule 23(a) is numerosity: that the case be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "The number of members in a proposed class

6

is not determinative of whether joinder is impracticable." *Ibe*, 836 F.3d at 528 (quoting *In re TWL Corp.*, 712 F.3d 886, 894 (5th Cir. 2013)). "[A] number of facts other than the actual or estimated number of purported class members may be relevant to the 'numerosity' question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Id.* at 528 (quoting *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981)). A class consisting of more than forty members raises a presumption that joinder is impracticable. *See Vine v. PLS Fin. Servs., Inc.*, 331 F.R.D. 325, 332 (E.D. Tex. 2019) (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)). Members of a class being geographically dispersed also decreases the practicability of joinder. *Earl v. Boeing Co.*, 339 F.R.D. 391, 419 (E.D. Tex. 2021), *rev'd on other grounds*, 53 F.4th 897 (5th Cir. 2022).

Plaintiffs claim the proposed class[1] is approximately sixty members (Dkt. #32 at p. 23). They draw that number from "the number of pending fines attributable to citations written by Defendant Williamson at the time that JP McCulloch learned of Williamson's unlawful conduct" (Dkt. #32 at p. 23). To demonstrate compliance with the numerosity requirement, Plaintiffs rely heavily on the declaration of Tiesha Wady, who was employed "as a Clerk with the Delta County Justice of the Peace's (JP) Office and worked directly for the former Delta County JP, Shannon McCulloch" (Dkt. #92, Exhibit 1 ¶ 2). In her declaration, she states that

> On or around November 3, 2019, [she] learned that [Defendant Williamson] was working for the Delta County Sheriff's Department with an inactive Peace Officer's license.

---

[1] While Plaintiffs move for certification of the First Requested Class and the Second Requested Class, the portion of Plaintiffs' motion addressing numerosity only addresses "the proposed class" without differentiating between the First Requested Class and the Second Requested Class (*see* Dkt. #32 at p. 23).

7

> On or around November 5, 2019, as part of [her] job duties, [she] called all the persons with outstanding citations issued by [Defendant Williamson]. [She] was personally aware of each citation because [she] reviewed the citations when [she] entered them into the County's electronic records.
>
> [She] called approximately 60 aggrieved persons who were issued citations by [Defendant Williamson] while he did not possess an active Peace Officer's license. [She] contacted these people to inform them that their issued citations were dismissed.
>
> [She] only contacted the persons who had not resolved their citations or had not yet paid their fines

(Dkt. #92, Exhibit 1 ¶¶ 4–7).

Plaintiffs claim that joinder of the proposed class members is impracticable for several reasons. First, they note the size of the proposed class "raises a presumption that joinder is impracticable" (Dkt. #32 at p. 23 (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)). Second, they highlight that "the geographical dispersion of the class is significant" since "the class consists exclusively of motorists" (Dkt. #32 at p. 23). Third, they claim "individual class members would likely be afraid to bring suit due to the possibility of reprisal from Defendants" (Dkt. #32 at p. 23).

Defendants counter Plaintiffs' reliance on Ms. Wady's Declaration (Dkt. #92, Exhibit 1) with a spreadsheet listing the citations issued by Defendant Williamson (Dkt. #39, Exhibit 1). That spreadsheet was produced by Plaintiffs (*see* Dkt. #40 at p. 2). Defendants argue that based on the produced spreadsheet, Defendant Williamson only issued nine citations during the Aggrieved Time Period (Dkt. #39 at p. 10). Further, Defendants contend the proposed class would only contain six individuals, since three of the nine potential claims on the spreadsheet would be barred by the statute of limitations (Dkt. #39 at p. 10).

In reply, Plaintiffs claim the citation spreadsheet only "shows a small snippet of those unlawfully fined by [Defendant] Williamson" (Dkt. #40 at p. 2). Plaintiffs highlight a fact that demonstrates the incompleteness of the citation spreadsheet: it is missing the name of Patrick Taylor, one of the named Plaintiffs, "who was indisputably arrested during the relevant time period" (Dkt. #40 at p. 2).

In supplemental briefing, the parties continue to rely on the same evidence presented. Plaintiffs continue to rely on the declaration of Ms. Wady (*see* Dkt. #92 at pp. 4–5). Plaintiffs note that "Defendants objected to producing documents relevant to determining the numerosity of the proposed classes" (Dkt. #92 at p. 5). In response, Defendants characterize Ms. Wady's declaration as "conclusory and diametrically opposed to the documentary evidence Plaintiffs have provided" (Dkt. #93 at p. 7). And Defendants again rely on the citation spreadsheet produced by Plaintiffs to demonstrate Plaintiffs' failure to meet the numerosity requirement (Dkt. #93 at p. 8).

At this time, the Court cannot find that Plaintiffs have demonstrated numerosity as to either the First Requested Class or the Second Requested Class. First, Ms. Wady's declaration only appears to apply to persons to whom Defendant Williamson issued citations, and it has nothing to do with persons whom Defendant Williamson arrested or detained and issued criminal charges (*see* Dkt. #32, Exhibit 14; Dkt. #92, Exhibit 1). It, therefore, only provides evidence for the First Requested Class and does not support the Second Requested Class. Second, Defendants try to counter Plaintiffs' allegations with evidence that Plaintiffs themselves produced, but Plaintiffs have yet to receive adequate documentation of "records relating to the citations or criminal charges [] initiated by Defendant Williamson because Defendants objected to producing documents relevant to determining the numerosity of the proposed classes" (Dkt. #92 at p. 5). Plaintiffs

9

acknowledged the obvious discrepancies in the produced citation spreadsheet and explained to the Court that they purposefully did not cite to that spreadsheet in their initial Motion for that reason (Dkt. #40 at p. 2). With very little evidence as to either the First Requested Class or the Second Requested Class, the Court cannot conduct the necessary rigorous analysis to determine whether Plaintiffs meet the numerosity requirement under Federal Rule of Civil Procedure 23(a)(1).

As Plaintiffs have not demonstrated numerosity at this time, the Court declines to address the other requirements of class certification until Plaintiffs can demonstrate numerosity.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Opposed Motion for Class Certification (Dkt. #32) is hereby **DENIED without prejudice.** After additional discovery, Plaintiffs may refile this motion.

**IT IS SO ORDERED.**

SIGNED this 27th day of March, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE